# UNITED STATES DISTRICT COURT
for the

Eastern District of Pennsylvania

| United States of America | ) |
|---|---|
| v. | ) |
| WILMER FUENTES-BENITEZ | )  Case No. 25-MJ-245 |
| *Defendant(s)* | ) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of **February 2, 2025** in the county of **Delaware** in the **Eastern** District of **Pennsylvania**, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. § 1326(a) | Reentry of removed aliens |

This criminal complaint is based on these facts:

See affidavit of Probable Cause.

☑ Continued on the attached sheet.

/s/ Damon Brown
*Complainant's signature*

Damon Brown DHS-ICE
*Printed name and title*

Sworn to me telephonically in accordance with Fed. R. Crim. P. 4.1.

Date: 02/03/2025

/s/ Craig M. Straw 2-3-2025
*Judge's signature*

City and state: Philadelphia, Pennsylvania

Hon. Craig M. Straw
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**AFFIDAVIT**

1. I, Damon Brown, am a Deportation Officer at U.S. Immigration and Customs Enforcement ("ICE") within the U.S. Department of Homeland Security ("DHS"). I have served as a Deportation Officer with ICE since April of 2008. As a Deportation Officer, I conduct investigations related to violations of the Immigration and Nationality Act, including investigations of foreign-born nationals, who have been deported from the United States and subsequently re-enter the United States illegally. I am currently assigned as a Task Force Officer from the Philadelphia ICE, Field Office Directorate, Office of Enforcement and Removal Operations ("ERO") to the Philadelphia Special Agent in Charge, Office of Homeland Security Investigations ("HSI"), El Dorado Drug Task Force Division. As part of my duties, I investigate violations of "Title 8 of the United States Code ("U.S.C."), including violations of immigration offenses.

2. I have prepared this affidavit in support of a criminal complaint against Wilmer Yovani FUENTES-Benitez (hereinafter referred to as "FUENTES-Benitez") where there is probable cause to believe that FUENTES-Benitez, an alien, re-entered the United States after removal, in violation of 8 U.S.C. § 1326(a).

3. This affidavit is based on information I obtained from my personal observations, my training and experience, review of documentary evidence, and information provided to me by other members of the investigation. Because this affidavit is submitted only for the limited purpose of establishing probable cause for a criminal complaint and arrest warrant, it does not include all information known to the government as a result of the investigation.

**PROBABLE CAUSE**

4.  During the month of January 2024, I became aware that Wilmer Yovani FUENTES-Benitez was unlawfully present in the United States, after having been deported.

5.  I conducted record checks in DHS databases to verify that, following FUENTES-Benitez' removal from the United States, there is no record of a lawful entry, application to enter, or any authorization granted by the Attorney General or his successor, the Secretary of the Department of Homeland Security, allowing FUENTES-Benitez to reenter the United States following removal.

6.  I know that DHS maintains a file on all aliens encountered by ICE. This file, known as the Alien File ("A-File"), contains documentation relating to the alien, including his/her photograph, warrants of deportation, fingerprints, documents reflecting criminal history, documents reflecting the country of citizenship, and other documents related to the lawful or unlawful status the non-citizen has in the United States. Each non-citizen is assigned an identification number, referred to as the alien registration number.

7.  I conducted further record checks in the National Crime Information Center ("NCIC") for FUENTES-Benitez's criminal history, as well as his immigration history. Under the alien number (088 646 645) and FBI number provided (120869WC2), it was found that FUENTES-Benitez had previous encounters with ICE. I conducted further checks in databases for FUENTES-Benitez' immigration history in the United States. It was found that FUENTES-Benitez had been removed from the United States to Honduras via ICE Air Operations on June 8, 2008, June 24, 2010 and May 13, 2022. FUENTES-Benitez' Alien File was requested from the National Records Center for a complete review.

8. The A-File is numbered A088 646 645 and is maintained in the name of Wilmer Yovani FUENTEAS-Benitez with an alias of Wilmer BENITEZ, matching the government's electronic indices. I reviewed the Alien File and determined that the electronic records match and contain this individual's biographical information, family history, records of encounters, conviction records, photographs, and fingerprints. Based on the review of the Alien file and electronic records, I concluded that it does in fact pertain to the individual in this matter. The A-File and electronic records reflects the following information relative to this individual:

a. FUENTES-Benitez is a citizen and national of Honduras.

b. There are no records or a lawful admission, entry, immigration inspection, parole, visa application or encounter indicating that this subject has ever made a lawful or recorded entry into the United States.

c. On an unknown date, FUENTES-Benitez entered the United States without inspection, admission or parole by an immigration officer.

d. On January 3, 2008, FUENTES-Benitez was encountered by ICE at the Philadelphia County Jail following an arrest for Aggravated Assault and Weapons Possession.

e. On April 2, 2008, FUENTES-Benitez was placed into removal proceedings when he was serviced a Notice to Appear by ICE.

f. On May 8, 2008, FUENTES-Benitez was ordered removed to Honduras by Immigration Judge Jennie Giambastiani.

g. On June 17, 2008, FUENTES-Benitez was removed from the United States to Honduras.

      h.      On June 17, 2008, a Form I-205, Warrant of Removal, was executed bearing FUENTES-Benitez's photograph and fingerprint and containing the signatures of immigration officials who witnessed his departure.  ICE also served a Form I-294 Warning to Alien Removed/Deported, warning the subject that he is prohibited from reentering the United States without authorization from the Attorney General or his successor, the Secretary of Homeland Security.

      i.      On April 28, 2010, FUENTES-Benitez was again encountered by ICE, this time at the Jefferson Parish Jail in Gretna, Louisiana, following FUENTES-Benitez's arrest for Battery on a Police Officer and Resisting Arrest. Due to prison overcrowding, FUENTES-Benitez was released to ICE pursuant to an ICE Detainer.  Under Docket Number 10-2657, the State of Louisiana holds an arrest warrant for FUENTES-Benitez.

      j.      On April 30, 2010, ICE took custody of FUENTES-Benitez and reinstated his prior removal order.

      k.      On June 24, 2010, FUENTES-Benitez was removed from the United States to Honduras.

      l.      On June 24. 2010, a Form I-205, Warrant of Removal, was executed bearing FUENTES-Benitez's photograph and fingerprint and containing the signatures of the immigration officials who witnessed his departure.  ICE also served a Form I-294 Warning to Alien Removed/Deported, warning the subject that he is prohibited from reentering the United States without authorization from the Attorney General or his successor, the Secretary of Homeland Security.

  m. On April 4, 2022, FUENTES-Benitez was arrested by the United States Border Patrol in Franklin, Vermont during an alien smuggling operation and processed for a reinstatement of a prior removal order.

  n. On May 13, 2022, FUENTEZ-BENITEZ was for a third time, removed from the United States to Honduras.

  o. On May 13, 2022, a Form I-205 Warrant of Removal was executed bearing FUENTES-Benitez's photograph and fingerprint and containing the signatures of the immigration officials who witnessed his departure. ICE also served a Form I-294 Warning to Alien Removed/Deported, warning the subject that he is prohibited from reentering the United States without authorization from the Attorney General or his successor, the Secretary of Homeland Security.

  p. FUENTES-Benitez illegally re-entered the United States at an unknown place on an unknown date. A search of DHS databases revealed that FUENTES-Benitez did not seek permission of the Attorney General of the United States, or his successor, the Secretary of Homeland Security, for permission to reapply for admission.

10. On February 1, 2025, I conducted surveillance near 5211 Chester Avenue in Upper Darby, Pennsylvania and observed a Hispanic male of exact likeness to law enforcement obtained photographs of FUENTES-Benitez and the photographs contained on his Warrants of Removal (Forms I-205), exit the front door of 5211 Chester Avenue and enter a green GMC pickup truck bearing Pennsylvania registration ZYF1853. I conducted record checks with the Pennsylvania Department of Transportation and discovered that the aforementioned pickup truck is registered to Bety Cecilia ARITA-Santos at 5211 Chester Avenue.

11. On February 2, 2025 at 10:15am I encountered that same individual who I believed was FUENTES-Benitez as he exited 5211 Chester Avenue and entered an orange Mitsubishi Outlander bearing Pennsylvania registration MRA0451 also registered to Bety Cecilia ARITA-Santos at 5211 Chester Avenue. Your affiant and other law enforcement officers made contact with FUENTES-Benitez as he was sitting in the orange Mitsubishi Outlander. Upon contact with FUENTES-Benitez, I asked FUENTES-Benitez his name and he stated "Wilmer Yovani." FUENTES-Benitez was administratively arrested without incident and taken to the ICE Philadelphia Field Office for processing and booking. FUENTES-Benitez's fingerprints returned a positive result for FBI number 120869WC2 in NCIC and Alien number A088 646 645 in the Integrated Identity System.

## CONCLUSION

12. Based on the foregoing, your affiant believes that there is probable cause to conclude that Wilmer Yovani FUENTES-Benitez, illegally re-entered the United States after removal, in violation of Title 8, United States Code, Section 1326(a).

/s/ Damon Brown_____
Damon Brown
Deportation Officer
Immigration and Customs Enforcement

SUBSCRIBED AND SWORN TO ME TELEPHONICALLY IN ACCORDANCE WITH FED. R. CRIM. P. 4.1 ON THIS ____ DAY OF February 2025.

/s/ Craig M. Straw 2-3-2025
_____
HONORABLE CRAIG M. STRAW
United States Magistrate Judge
Eastern District of Pennsylvania